*Bruce E. Disenhouse (SBN 078760)*
bdisenhouse@krsattys-riv.com
KINKLE, RODIGER AND SPRIGGS
Professional Corporation
3333 Fourteenth Street
Riverside, California 92501
(951) 683-2410
FAX (951) 683-7759

Attorneys for Defendants, COUNTY OF RIVERSIDE, CANDETTE HAMMOND, DAN FREDRICH, BRUCE BOWER, CLAY HUDSON, GROVER C. TRASK, II and SUE F. STEDING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALFREDO BOLANOS, | **CASE NO.:** CV 07-04196 GW (VBKx) |
| Plaintiff, | ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; THEREON |
| v. | |
| COUNTY OF RIVERSIDE, CANDETTE HAMMOND, DAN FREDRICH, BRUCE BOWER, CLAY HUDSON, JOE SOMENEK, GROVER C. TRASK, II, SUE F. STEDING and DOES 1 through 10, inclusive, | NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |
| Defendants. | |

IT IS HEREBY ORDERED, pursuant to stipulation of counsel in this action, that:

1.  All documents identified in Paragraph 2 below are to be designated as "confidential material" which shall be used solely in connection with the preparation and trial of the within case, Case No. CV 07-04198 GW (VBKx) or any related appellate proceeding, and not for any other purpose, including any other litigation,

except as otherwise permitted by written agreement of counsel for the parties or by order of a Court of competent jurisdiction. Any "confidential material" produced by Defendants or used in this litigation will be stamped or otherwise marked in a conspicuous location prior to the production or use of the document in this litigation as follows:

**"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, Case No. CV 07-04198 GW (VBKx)**

2. The following documents produced by Defendants are to be designated as "confidential material":

    (a) All internal investigations of the matter that is the subject of this lawsuit, including any taped interviews or photographs.

    (b) Any personal records of any party herein.

3. Confidential material may not be disclosed except as provided in paragraph 4 herein.

4. Confidential material may be disclosed only to the following persons:

    (a) Counsel for any party and any party to this litigation;

    (b) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in Section 4(a);

    (c) Court personnel and stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for and trial of this action, or otherwise at the trial of this action;

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

2
[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; THEREON

(d)     Any outside expert or consultant retained in connection with this action, and not otherwise regularly employed by the parties or their counsel;

(e)     Any "in-house" expert designated by the parties to testify at trial in this matter; and

(f)     Any investigators employed by the parties in connection with this action.

Nothing in paragraph 4 is intended to prevent officials or employees of the Riverside County District Attorney's Office, the California Attorney General's Office, or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personally known to him or her, that is, a witness can disclose to others information previously given to law enforcement with respect to what he or she saw, heard, or otherwise sensed.

5.     Each person to whom disclosure is made, with the exception of those identified in paragraph 4 who are presumed to know the contents of this protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent in writing to be subject to the jurisdiction of the United States District Court with respect to any proceeding

relating to enforcement of this order, including after the termination of this action for purposes of enforcing the Protective Order.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

**6.**     If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows:  "**CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER.  CASE NO.:  CV 07-04198 GW (VBKx).**

7.     At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to the attorneys of record for the party(ies) providing such records.  Provisions of this order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this Court.

8.     By signing and agreeing to this stipulation, Defendants is neither stipulating nor agreeing that any of the items shown in paragraph two, above, are in any way privileged or confidential under either California law or under Federal law.

9.     The foregoing is without prejudice to the right of any party:

(a)     To apply to the Court or to some court of competent jurisdiction, for a further protective order relating to confidential material or relating to discovery in

this litigation;

    (b)    To apply to the Court or to some court of competent jurisdiction, for an order removing the confidential material designation from any documents; and

    (c)    To apply to the Court for an order modifying this order or for any order permitting disclosure of confidential material beyond the terms of this order.

    10.    In addition to the above and foregoing, nothing in this order prevents any of the parties to this action referencing any materials deemed confidential under this order in any motion papers filed with the Court in this action, at the hearing of any motion, or at trial.

Re: paragraph 6: all parties must comply with L.R. 79-5.

## **ORDER**

**IT IS SO ORDERED.**

DATED: March 19, 2008                        _____/s/_____
                                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA** )
) **ss.**
**COUNTY OF RIVERSIDE** )

I, Deborah Prude, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3333 Fourteenth Street, Riverside, California 92501.

On March 17, 2008, I served the foregoing [PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; THEREON on the interested parties by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California, addressed as follows and/or by one of the methods of service as follows:

*Attorneys for Plaintiff*
Ulrich R. McNulty
SCHLECHT, SHEVLIN & SHOENBERGER
801 East Tahquitz Canyon Way, Suite 100
P.O. Box 2744
Palm Springs, California 92263
Telephone No.: (760) 320-7181
Fax No.:         (760) 323-1758

__X__ **BY MAIL**: I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to C.C.P. 1013(a).

_____ **BY FAX**: In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to C.C.P. 1013(e).

_____ **BY PERSONAL SERVICE**: I caused to be hand-delivered said document(s) to the office of the addressee, using an attorney service, pursuant to C.C.P. 1011.

_____ **BY EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an Express Mail DropBox to be delivered the following business day pursuant to C.C.P. 1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 17, 2008, at Riverside, California.

_____
**Deborah Prude**

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28